Filed 11/15/13  P. v. Covarrubias CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048315 |
| v. | (Super. Ct. No. R-01338) |
| SAMUEL LINO COVARRUBIAS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher J. Evans, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Samuel Covarrubias filed a notice of appeal after the trial court found he violated his postrelease community supervision (PRCS) and ordered him to serve 90 days in jail. His appointed counsel filed a brief summarizing the case, but advised this court he found no issues to support an appeal. We gave appellant 30 days to file a written brief on his own behalf, but he has not responded. After conducting an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

FACTS

In July 2011, Covarrubias pleaded guilty to buying or receiving stolen property (Pen. Code, § 496d, subd. (a)) and received a sentence of two years. He was released from prison on June 24, 2012 and placed on PRCS. He was directed not to violate any laws.

On March 27, 2013, a Santa Ana Police officer pulled Covarrubias over for a traffic violation and found 4.3 grams of methamphetamine in the car, and a glass pipe in Covarrubias's pants pocket.

The next day, Covarrubias pleaded guilty to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and possession of controlled substance paraphernalia (Health & Saf. Code, § 11364.1(a).) The court placed him on probation for three years and ordered him to complete a residential drug treatment program (Pen. Code, § 1210).

On April 2, 2013, the Orange County Probation Department filed a petition alleging Covarrubias violated PRCS. On April 12, 2013, the court held a hearing on the petition and found him in violation. The court ordered him to serve 90 days in jail followed by a 90-day residential program.

2

POTENTIAL ISSUES

Appellate counsel identifies one potential issue for our consideration: Did the court prejudicially err when it found that appellant had violated his PRCS?

*The Court Did Not Prejudicially Err in Finding Covarrubias Violated His PostRelease Community Supervision*

Covarrubias submitted on the allegations of the petition and the trial court took judicial notice of his March 2013 conviction. Covarrubias violated the law in March 2013 and was therefore in violation of PRCS. (See Pen. Code, § 3453, subd. (b) ["person shall obey all laws"].) The court did not prejudicially err in finding Covarrubias violated PRCS.

We discern no arguable issues from counsel's brief or in our independent review of the record.

DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


MOORE, ACTING P. J.


FYBEL, J.

3